Wachtler, J.
(dissenting). I would set aside the judgment and grant a new trial.
*700 In the midst of this personal injury trial the plaintiffs’ attorney was disbarred, and defense counsel moved for a mistrial. The disbarred attorney and his clients, one of whom was an infant, remained mute and the court denied the motion. Several days later the jury returned a verdict for the defendants following which the plaintiffs moved for a mistrial. That motion was denied and the plaintiffs appealed. It seems to me that there are two strong policy reasons why this judgment should not be allowed to stand.
.This court should not condone the participation of a disbarred attorney in court proceedings. Our State’s policy on this is a firm one, and the Legislature has seen fit to impose penal sanctions to deter the practice (Judiciary Law, § 486). This court’s interest in maintaining the integrity of the judicial process is more immediate and our response should be more direct. When ah attorney who has been found to be morally unfit to represent litigants, or to serve as an officer in the courts of this State, has participated in a trial the proceedings should be considered a nullity. The acquiescence of the client, express or implied, should not be allowed to defeat this policy or diminish our role. And when, as here, one of the clients is an infant, inaction should never be considered acquiescence.
Once again sound policy should dictate the result, and the general policy makes an infant party a ward of the court in many respects. His substantial rights should never be lost or compromised away because of the ignorance or indifference of his guardian (see, e.g., CPLR 1207, 1208). Nor in my view should the court be required or permitted to sit idly by when it appears that the infant’s case has been entrusted to one who has been found to be morally unworthy of the confidence.
The order should be reversed and a new- trial granted.
Chief Judge Breitel and Judges G-abrielli, Jones, Rabin, Stevens and Wither* concur; Judge. Wachtler dissents and votes to reverse in a separate opinion.
Order affirmed, without costs, in a memorandum.

 Designated pursuant to section 2 of article "VI of the State Constitution.